IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

        Plaintiff,

v.                       No. 17cv353 MV/SCY

LEONARD MARTINEZ et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
## AND DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 20, 2017 ("Complaint") and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 20, 2017 ("Application"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application, and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income during the past 12 months was $0.00 and his income amount expected next month is $0.00;[1] (ii) he owns no assets; (iii) his monthly expenses are $887.00; and (iv) he has no cash and no money in bank accounts. Because of his low monthly income during the past year with no income expected next month, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is

---
[1] He states he is a "Social Security Pauper" but did not indicate how much he receives monthly.

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

> Plaintiff states the following background of his case:
>
> Mr. Martinez is not a "Archuleta" to the Ancient Title and topo of the "Aragon" seal. further via Udall and Hienrich the Royal Seal was Altered and Adulterized "Changed" the Original Vestment of "Archuleta" and adding 40 names likened to geneva. further to topo has been greatly reduced from its Original state and our "Archuleta's" are not even recieving Royalties nor do we have designation and Political Security from the alienation and Commerce of the British U.S.A. and our Castille Tolteca Jubille Allodial. Our Queen's are "Pocahauntess" and "Eden" via the nomatic chacos and Pyramid Kingdom. Repeal "La Merced de San note: the 40 names entered in Black ink do not match the Royal Parchment and the topo's 10 million acres.

[sic] Complaint at 2. Plaintiff asserts various vague claims such as "Bill of Rights violation: Security, Due Process, Slavery, Cruel Punishment," and "Conspiracy and terror wilful error

transcend to breach of Trust and Victom of the World Habeas Corpus Political Refugee Asylum Status." [sic] Complaint at 2-3. Plaintiff states the Court has jurisdiction pursuant to 28 U.S.C. § 351 (relating to complaints that a judge has engaged in prejudicial conduct), 28 U.S.C. § 1365 (relating to Senate actions), 42 U.S.C. § 1980 (reserved for future legislation), 42 U.S.C. § 1981 (relating to equal rights under the law), 42 U.S.C. § 1982 (relating to property rights of citizens), 42 U.S.C. § 1983 (relating to civil action for deprivation of rights), 42 U.S.C. § 1984 (omitted), 42 U.S.C. § 1985 (relating to conspiracy to interfere with civil rights), and "Fed Civ. R. P. 80.10 and 80.13," (Fed. R. Civ. P. 80 relates to Stenographic Transcript as Evidence, and does not have any subparts). Complaint at 2. Plaintiff states the following supporting facts in his Complaint:

> Mr. Martinez is not a Devine rite right "Archuleta" of the "Aragon" Seal. Further the enactment of "La Merced De Pueblo Del San Joaquin Del Rio Chama. I am the grandson of Rayos and Guadelupe Archuleta via nicodemus, Benjamin, Alejandro and me Benjamin Archuleta. Mr. Augustine could not have men. See: Bible and Quran
>
> The Angalo British U.S.A. Angalos are not our we Executives and Judicial administration to adjudicate imply or "Lobby" thier Commerial Market and Political Body on Our Explicit and Devine rite Immune and Sovereign ("Private Crown Democracy".)

Complaint at 3-4. Plaintiff seeks the following relief: "Repeal of Enactment 'La Merced Del Pueblo Del San Joaquin Del Rio Chama' to be recognised 'Crown of Eden' and turned over the rightful title Topo and Congressional funds. 'Potus Reprimand.'" Complaint at 5.

The Complaint fails to state a claim and does not allege sufficient facts to support jurisdiction. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no

jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Complaint is largely unintelligible and it is not clear what claims Plaintiff is asserting or whether the relief he seeks can be granted. Although Plaintiff cites several federal statutes, there are no factual allegations that support federal jurisdiction over this matter.

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff did not meet his burden of alleging facts that support jurisdiction. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, alleges sufficient facts to support jurisdiction, and includes the addresses of each Defendant named in the Amended Complaint.

5

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 20, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 20, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**